# MURPHY MOTOR FREIGHT LINES, INC., AND ANOTHER v. HYMAN FREIGHTWAYS, INC.

232 N. W. 2d 224.

July 25, 1975—No. 44711.

*James L. Nelson* and *Edward D. McLean,* for appellants.

*Rosen, Kaplan & Ballenthin, William S. Rosen,* and *James E. Ballenthin,* for respondent.

Heard before Otis, Rogosheske, and Scott, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

These proceedings were initiated by respondent, Hyman Freightways, Inc., to secure from the Public Service Commission a certificate of public convenience and necessity to operate as a common carrier between the Twin Cities and various points in southern Minnesota. Appellants, Murphy Motor Freight Lines, Inc., and August Deike Transfer, Inc., intervened in opposition to the petition. The commission granted the petition in part and denied it in part. Intervenors appealed to the district court on August 23, 1973. On motion of Hyman, the district court dismissed the appeal, adopting the commission's construction of its rules under which the appeal was untimely. We affirm.

The only issue is whether the time to appeal to the district court began to run on June 12, 1973, when the commission denied intervenors' petition for reconsideration, in which event the appeal taken on August 23, 1973, was not timely; or whether the time to appeal began to run on August 7, 1973, when the commission's order dismissing intervenors' petition for further hearing was entered, in which case the appeal to the district court was timely.

Minn. St. 216.24 permits appeals from orders of the Public Service Commission to the district court within 30 days of service of notice with this proviso:

"* * * Such 30 day period is not to become effective until all decisions, orders and requirements have been concluded on applications for rehearing, reargument or reconsideration."

It is the contention of the intervenors that the order of August 7 from which they appeal was one which denied their petition for reconsideration and hence was timely. Hyman, on the other hand, asserts that under the commission's regulation, Minn. Reg. PSC 513, the order appealed from denied a petition which was untimely because it was one for "a further hearing" which could not be made after the commission had rendered its final decision on the merits, which occurred on June 12.

The chronology of events is critical to an understanding and disposition of the case.

*May 7, 1973.* The commission, after 14 days of hearing, served and filed the order issuing Hyman a certificate of public convenience and necessity.

*May 29, 1973.* Intervenors, Murphy and Deike, petitioned the commission for reconsideration of its order and for a stay, which stay was granted on May 31.

*June 12, 1973.* The commission vacated the stay and adopted the order of May 7, 1973, as its final decision.

*July 2, 1973.* Intervenor Murphy petitioned for *further hearing.*

*August 7, 1973.* The commission entered an order dismissing the petition for *rehearing.*

*August 23, 1973.* Intervenors appealed to the district court.

The relevant provisions of Public Service Commission Regulation 513 which are to be construed by us are these:

"PSC 513  PETITIONS FOR FURTHER HEARING, REHEARING, AMENDMENT, VACATION, RECONSIDERATION, OR REARGUMENT

"(a) *Further Hearing.* Before the commission renders its proposal for decision or order in any proceeding, any party thereto desiring a further hearing may file a petition therefor with the commission, which said petition shall clearly set forth the grounds relied upon for a further hearing * * * No further hearing will be granted where it appears that the evidence to be adduced will be merely cumulative. * * *

"(b) *Rehearing, Amendment, Vacation, Reconsideration, Reargument.* Within 20 days from the date of the mailing by the secretary of the final decision or order, any party may petition for a rehearing, or for an amendment or vacation of the findings of fact, decision or order, or for reconsideration or reargument. If such petition be for a further hearing, rehearing, vacation, reconsideration, or reargument, the grounds relied up-

on shall be specifically set forth and the claimed errors clearly stated. * * *

*   *   *   *   *

"(d) *Second Petition Upon Same Ground Not Entertained.* A second petition for further hearing, rehearing, amendment or vacation of any finding of fact, decision or order, reconsideration or reargument by the same party or parties and upon the same grounds as a former petition which has been considered and denied, will not be entertained."

The commission held, and respondent here argues, that under 513(a) the intervenors' petition for "a further hearing," dated July 2 and denied August 7, should have been made "[b]efore the commission renders its proposal for decision or order," which decision occurred on June 12. Hence, it is argued, the commission's order of August 7 is not appealable because it dealt with a petition which could not be made after June 12. The district court upheld Hyman's contention that the date from which the time to appeal began to run was June 12, which made the notice of appeal served on August 23 untimely.

Intervenors, on the other hand, argue that Murphy's petition of July 2, labeled "PETITION FOR FURTHER HEARING," could be and was made within 20 days of June 12 under the language of 513(b), the second sentence of which refers to a further hearing. Furthermore, it is argued 513(d) permits by inference a second petition for further hearing or rehearing provided it is not on the same grounds as a former petition.

Construing the commission's regulations and the statute together, we subscribe to the view that it was not the intention of the legislature to permit unsuccessful litigants to extend the time within which to appeal from adverse orders by successive petitions for reconsideration and for further hearings. The reference to "a further hearing" in 513(b) can only be reconciled with 513(a) by treating the reference in 513(b) as a wholly separate paragraph, not to be included with the proceedings referred to in the sentence immediately above it dealing with rehearings

and other matters. Although it is true that the meaning on its face appears to be ambiguous, the language of 513(a) is unequivocal and we feel clearly expresses an intention to limit petitions for further hearing to a time prior to the date the commission proposes a decision on the merits.

As to 513(d), which prohibits successive hearings on the same grounds, we assume that that section does not purport to conflict with either the statute or the remaining sections of regulation 513.

Accordingly, we agree that the petition for a further hearing of July 2 did not have the effect of extending the time within which an appeal to the district court could be taken and that the time began to run on June 12. The statute itself provides that the 30 days within which to appeal to the district court does not begin to run until proceedings have been concluded on applications "for rehearing, reargument or reconsideration." No mention is made of orders for "further hearing."

The commission attached to its order of August 7 a memorandum deploring the fact that the information which the intervenors sought to introduce by its application of July 2 had not been furnished it at an appropriate time. The commission pointed out that it was not newly discovered evidence but was available at the time of trial and that no mention was made in the May 29 petition for reconsideration of the statistical data it sought to produce on July 2.

The gist of the commission's August 7 decision is contained in the following paragraph:

" * * * [T]he construction of Rule 513(b) implicitly advanced by Murphy's Petition for Further Hearing is contrary to reason in that pursuant to said construction *separate* petitions for rehearing, amendment, etc., would, necessarily, lie for an additional twenty (20) days after each decision of the Commission rejecting a previously advanced ground, thereby substantially and unduly delaying the administrative process."

We concur in the commission's application of its rules and in the trial court's dismissal of the intervenors' appeal. Permitting appeals to be taken from orders of the commission only after rehearing, reargument, or reconsideration has been denied is obviously intended to avoid multiple and successive appeals arising out of the same litigation. There is nothing in the statute to suggest that the time may be indefinitely extended by successive petitions for rehearings, and any fair reading of the commission's regulation 513 militates against such a construction. Consequently, the petition for further hearing of July 2 was ineffective to extend the time to appeal from the commission's order of June 12 which reinstated and made final the order of May 7 issuing Hyman a certificate of convenience and necessity. The district court's order, however, did not affect the intervenors' right to appeal the commission's order of August 7 which, so far as the record shows, remains pending in the district court.

Affirmed.